[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14270

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OSCAR WILLIAMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20248-DPG-1

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Oscar Williams, Jr., appeals his conviction and sentence after a jury found him guilty of four counts of production of child pornography and one count of extortion. First, he argues that the district court erred in denying his motions for judgment of acquittal under Federal Rule of Criminal Procedure 29 because the government provided insufficient evidence to show that he was the individual communicating with and extorting the minors under certain aliases. Next, he argues that the district court abused its discretion by placing greater weight on the seriousness of his offenses and imposing a 360 months' imprisonment sentence despite his "specific facts and circumstances" and the 18 U.S.C. § 3553(a) factors. After careful review, we affirm.

## I.

We review a challenge to the sufficiency of the evidence and the denial of a Rule 29 motion for a judgment of acquittal de novo. *United States v. Beach*, 80 F.4th 1245, 1258 (11th Cir. 2023). We will uphold the district court's denial of a Rule 29 motion if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt. *United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016). In other words, "we will reverse a conviction based on insufficient evidence only if no reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Williams*, 865 F.3d 1328, 1337

(11th Cir. 2017) (quotation marks omitted). We must sustain a verdict where "there is a reasonable basis in the record for it." *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010) (quotation marks omitted).

We view all facts and inferences in the light most favorable to the government. *United States v. Clay*, 832 F.3d 1259, 1293 (11th Cir. 2016). The evidence need not "exclude every reasonable hypothesis of innocence" for a reasonable jury to find guilt beyond a reasonable doubt, and the jury is "free to choose among alternative, reasonable interpretations of the evidence." *Beach*, 80 F.4th at 1255–56. The test for sufficiency of evidence is the same regardless of whether the evidence is direct or circumstantial, with no distinction in the weight given to each. *United States v. Guevara*, 894 F.3d 1301, 1307 (11th Cir. 2018). But where "the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008).

When prosecuting under 18 U.S.C. § 2251(a), the government must prove that the defendant: (1) "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d] any minor"; (2) "to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct"; and (3) "kn[ew] or ha[d] reason to know that such visual depiction [would] be transported or transmitted using any means or facility of interstate . . . commerce." *See United States v. Moran*, 57 F.4th

977, 980–81 (11th Cir. 2023). "Subsection (e) of the same statute provides for the punishment of any individual who attempts to violate § 2251(a)." *Moran*, 57 F.4th at 980 (quotation marks omitted and alterations adopted); 18 U.S.C. 2251(e).

In prosecuting under 18 U.S.C. § 875(d), the government must prove that the defendant: (1) transmitted a communication "containing any threat to injure the property or reputation of the addressee" in interstate commerce; (2) "with intent to extort from any person . . . any money or other thing of value." 18 U.S.C. § 875(d).

Williams argues the government failed to provide sufficient evidence to establish he was the one that communicated with the minors. Specifically, Williams argues there was evidence that these accounts were used by his wife, his friends, or hackers.

Here, the district court did not err in denying Williams's Rule 29 motions as the government provided sufficient evidence—through phone records, a forensic extraction report, victim and witness testimony, an expert opinion, Williams's admission, Snapchat records, and IP address records—for a reasonable jury to find that Williams communicated with and extorted the minors under the aliases of Thatboiroyroy25, smiley25200, and Josh. While Williams argues other people had access to the phone, the evidence need not "exclude every reasonable hypothesis of innocence." *Beach*, 80 F.4th at 1255. Instead, the jury was "free to choose among alternative, reasonable interpretations of the evidence," *id.* at 1256,

which viewed in the light most favorable to the government, included that Williams committed these offenses.

## II.

We review the substantive reasonableness of a district court's sentence under "a deferential abuse-of-discretion standard," even when the sentence is below the guidelines range. *See Gall v. United States*, 552 U.S. 38, 41 (2007). We determine "whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a)." *United States v. Boone*, 97 F.4th 1331, 1338 (11th Cir. 2024). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Indeed, "it is only the rare sentence that will be substantively unreasonable." *United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018) (quotation marks omitted).

The party challenging the sentence bears the burden of showing that it is substantively unreasonable. *Id.* A defendant must show that "the sentence imposed by the district court lies outside the range of reasonable sentences dictated by the facts of the case and the relevant sentencing factors," not merely that a "lesser sentence would, in his opinion, be more appropriate." *Boone*, 97 F.4th at 1342–43 (internal quotation marks omitted).

We may vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case." *Id.* at 1339. A sentencing error may occur if the district court: (1) fails to consider relevant factors, (2) gives significant weight to an "improper or irrelevant" factor, or (3) weighs the factors unreasonably. *Id.* at 1342.

A district court must consider the factors set out in § 3553(a) and impose a sentence sufficient, but not greater than necessary, to: (1) reflect the seriousness of the offense; (2) afford adequate deterrence; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

The decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court. *Boone*, 97 F.4th at 1342.

Here, the district court did not abuse its discretion by declining to deviate downward to Williams's requested sentence. The court, in its discretion, properly weighed the seriousness of Williams's offenses—including the victims' statements of experiencing lifelong trauma at his sentencing hearing—over his mitigating factors. Accordingly, we affirm.

**AFFIRMED.**